THE CLEVELAND RAILWAY CO. v. SNOWDEN.

*Charge to jury—Prejudicial error—Failure to present defendant's theory of case—Negligence.*

It is prejudicial error for the trial court, in his charge to the jury, to repeatedly set forth the theory of the case as promulgated by the plaintiff and omit entirely to state the theory of the defendant, especially where at the close of such charge the judge's attention is called to the fact and he refuses upon request of defendant's counsel to charge defendant's theory of the case and his defense.

(Decided September 30, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.
*Messrs. Tolles, Hogsett, Ginn & Morley,* for defendant in error.

VICKERY, P. J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county. In that court the defendant in error, Betty Snowden, recovered a judgment against the plaintiff in error in the sum of $15,000, and this action is brought to reverse the judgment.

The principal error—in fact the only error complained of—is with respect to the charge of the court.

A brief history of this case shows that it was once before tried in the common pleas court, and the plaintiff then secured a verdict for $10,000. Upon a motion for new trial, that verdict was set aside by the court because it was contrary to the manifest weight of the testimony. It then went back to trial again in the common pleas court, which trial re-

sulted in a verdict for the plaintiff in the sum of $15,000, and, as before stated, it is to reverse that second judgment that the case is here.

It will be noted that the case was hotly contested and there was great conflict in the testimony. The record shows that the plaintiff practically stood alone so far as the accident and the way it occurred are concerned. She claims that while she was on the point of alighting from a car at the junction of Lee and Mayfield roads, the car was moved suddenly backwards or forwards, in a jerking manner, and that she was jerked off of the platform and was injured quite severely. I believe it is not claimed that she suffered all the injuries that she claims she suffered, and the verdict, if she be entitled to a verdict, is not in any way excessive. On the other hand the defendant below, after admitting that it was a common carrier operating an electric railway within the city of Cleveland and its suburbs, and that the plaintiff below was a passenger, denied each and all of the other allegations in the petition; in other words, entered a general denial. Its evidence tended to show that the plaintiff, when the car was standing still, stepped off, or jumped off, the rear platform, and received her injuries in that way. I believe there were five witnesses on the part of the defendant below who testified substantially to this state of facts.

It might seem strange that I call attention to this, the jury having found for the plaintiff and the weight of evidence not being before the court, inasmuch as the court has no power to grant a new trial on that ground alone, yet from the remarks that will be made hereafter with respect to the charge it becomes important to have this situation in mind.

The case was tried to one of the ablest judges that ever· sat on our bench, but whose fault, if it be a fault, was that he charged the jury at so much length that. it confused rather than helped them. In· this case the charge is twenty-two pages long, closely typewritten matter.

The error complained of,—and the sole error to which our attention has been directed,—is the manner in which the court submitted the issues to the jury, the complaint being that he nowhere told the jury that if they found the facts as the defendant asserted them to be, they should find in favor of the defendant; that he set up the plaintiff's case repeatedly, and told them that if the plaintiff had proven these facts she then would be entitled to recover such damages as would compensate her, and nowhere during the charge did he tell the jury that in case the plaintiff had not proven her case by a preponderance of the evidence, the defendant would be entitled to recover. If he did, it was at the end of the charge´ and in the briefest manner possible.

The court nowhere stated the theory of the defendant's case to the jury. The theory of the defendant's case was, as I have already said, that the plaintiff below stepped or jumped off the car when it was standing still.

On page 118 of the record, in the charge, the court says:

"Before the plaintiff can recover in this case, it must be found by you, gentlemen, from a preponderance of the evidence, that the negligence of which the plaintiff complains in her petition was the proximate cause of the injury of which she complains."

Before this, on page 114 of the record, the court set up the negligence of defendant that the plaintiff complained of, and says:

"She avers that the defendant is a corporation, as I have said, engaged in operating the street railway system of the City of Cleveland, Ohio, and in its suburbs. She says further that as the car on which she was a passenger, and it is admitted she was a passenger, came to Lee Road, somewhere near her residence, it stopped for the purpose of enabling her to alight therefrom; that Lee Road was the easterly terminus of the line; that is, this line stopped at Lee Road; that in attempting to alight she was, through the negligence of the conductor and motorman, agents and servants of the defendant in charge of the car, thrown to the ground, and that as a result of the fall she sustained serious injuries to her damage in the sum of $25,000.00, for which amount she asks judgment. As I have said, your judgment cannot be larger than the amount claimed.

"The plaintiff predicates her right to recover upon practically one allegation of negligence."

The defendant set up a general denial, after admitting corporate capacity and that plaintiff was a passenger.

"By that denial," says the court, "it puts in issue every material fact in the case that is not admitted, and requires that the plaintiff prove her case by what is called a preponderance of the evidence."

The court then goes on to charge properly what negligence is, and what degree of care she was entitled to have the railroad exercise toward her, and on page 124 of the record we again find:

"You are instructed that if you find from the preponderance of the evidence, that the plaintiff, Betty Snowden, while a passenger on or about the 5th day of September, 1918, on one of the defend-

ant's cars running easterly on Mayfield Road, a public thoroughfare in this county, and paid her fare, and that the car stopped in response to her signal, cr had reached the end of the line, its easterly terminus somewhere near her home, for the purpose of permitting her and other passengers to alight therefrom, and while she was in the act of alighting from said car, said car was, without warning, started backward or forward with a sudden movement, which caused her to be thrown to the ground and injured, while she was exercising ordinary care in alighting from the car; and if you further find from the preponderance of the evidence that such sudden movement of the car was directly caused and produced by the agents and servants of the defendant in charge of said car, and that the movement of the car, and their acts in so causing said car to suddenly start, amounted to want of such care as devolves upon a carrier of passengers, as I have already indicated, and that as a direct and proximate consequence of such motion of said car by the agents and servants of the defendant, the plaintiff received the injuries complained of in her petition, your verdict will be in her favor in such amount as you find from a preponderance of the evidence she is fairly entitled to receive.''

The court then proceeds to go into the question of the measure of damages and to what she would be entitled, etc.

Now it will be noticed that he nowhere sets up the claim of the defendant, which, as I have already said, was that the plaintiff jumped or stepped from the platform while the car was standing still, and, if that was so, in this kind of a case, her right to recovery was predicated upon the act of negligence

that she complained of, to-wit, that the car started forward or backward with a sudden jerk and threw her off; I say, then, that if the railroad's theory of the lawsuit was true, she would not be entitled to recover, but nowhere in this charge does the court say that if defendant's theory of this lawsuit was true then she would not be entitled to recover.

It is argued that inasmuch as the court told what she must prove before she could be entitled to recover, that that obviated the necessity of putting up the defendant's theory of the lawsuit.

At the close of the charge, the court not having touched upon this question at all, as to when the jury might find for the defendant, except inferentially, to the effect that if plaintiff had failed to prove her allegations, then, inferentially, they should find for the defendant, and the court nowhere having submitted this proposition to the jury and nowhere having stated what the theory of the defense was, so, at the close of the general charge, the court's attention was challenged to this omission by this request:

"If you find that plaintiff stepped off of the car while the same was at rest, then your verdict must be for the defendant."

This request was refused by the court, although a careful reading of the record will show that that question had not fairly been submitted to the jury. Of course this request was given after argument, and if the court had substantially charged the effect of this request he would not be compelled to give it again in the language of the counsel who proposed the charge, but in the absence of instructions in the general charge the court should have given this charge, as it contained a correct proposi-

tion of law and one which the evidence would warrant submitting to the jury, for, as I have already stated, there were five witnesses who testified as to the theory of the defendant's case.

The defendant's counsel then asked that the following request be given:

"Unless you find by a preponderance of all the evidence that the car was moved while plaintiff was in the act of getting off, then your verdict must be for the defendant."

The court refused this.

There might be some justification for the refusal of this charge, because the court does inferentially so charge in the general charge, and if it stood alone we would not be called upon to disturb this verdict because of the court's failure to respond to this request, because the court in the general charge did put the burden upon the plaintiff to prove the allegation of negligence charged, but as I have already said he neglected to call the attention of the jury to the fact that they could find for the defendant if plaintiff hadn't proven it. And that was the theory upon which this request was proposed.

Now, here was a case that was close. One witness, the plaintiff, testified as to how the accident happened from her theory; five witnesses upon the part of the defendant testified as to how it happened upon the defendant's theory of the lawsuit, and the court nowhere submitted this theory to the jury. The question is: Is that prejudicial error?

In the case of *Cincinnati Traction Co.* v. *Forrest*, 73 Ohio St., 1, at page 4, the supreme court says:

"The issue thus made was a simple one. Did the accident happen by reason of the negligent starting of the car while the plaintiff was in the act of

alighting from it? If it did then she was entitled to recover. If it did not she was not.''

Again, in *American Steel Packing Co.* v. *Conkle,* 86 Ohio St., 117, at page 123, the court said:

''The charge relating to the law of the case should not be given merely in general terms, but should be by instructions adapted to the issues and to the evidence adduced by the parties, and it should not overstate or unduly emphasize or make prominent, vital points of either side as against the other. A charge should also be neither inadequate nor for any reason misleading, and a charge which confines the attention of the jury to one view of the case when there is more than one which they should consider, or which repeats unduly propositions which, though possibly not actually erroneous nevertheless give undue prominence to one side or the other, is for that reason misleading and often prejudicial.''

Specific attention is called to these words from the opinion of the court, *''and a charge which confines the attention of the jury to one view of the case when there is more than one which they should consider,''* is often prejudicial and misleading.

Now, the charge of the court in the instant case surely has the vice of confining itself and the jury's attention to the theory of the case promulgated by the plaintiff, absolutely ignoring that which the defendant put forth.

In 1 Brickwood-Sackett Instructions to Juries, Section 176, we find the following: ''Undue prominence should not be given to any fact in the instructions, nor should the court state in a prominent manner a fact in the conduct of one party and omit the explanation of the other party in reference thereto,'' and many authorities are quoted by Sackett to sub-

stantiate this proposition. Again, the same author, Section 197, page 161, says:

"It is not every instruction which is sound in law that the court is bound to give and an instruction which might unduly and improperly tend to prejudice the adverse party may be refused. If an instruction states a case upon which the plaintiff is entitled to recover it should also contain such matters of defense which may be put in evidence as would defeat such a claim."

Now that fairly represents the case at bar. The court put forth in his instruction to the jury the plaintiff's side of the case, and, then, by virtue of the authority which this authority seems to carry with it, it was his duty to state to the jury the defendant's theory of the case and its defense.

Again, the same authority says, Section 197:

"An instruction should be equally fair to both sides, and a question should not be submitted to the jury concerning the responsibility of one party without submitting also the responsibility of the adverse party. When the court directs the attention of the jury to the facts, it should refer them to all the facts bearing upon the issues, so as to present the case fairly for both parties. An instruction which undertakes to give a summary of the principal facts, but directs the attention of the jury only to those favorable to one of the parties, leaving out of view all that tends to illustrate the theory of the other party, is objectionable."

We think such instruction is also prejudicial and erroneous, and we therefore have come to the conclusion that the attention of the court having been called to the fact that the jury had not been fully charged with respect to defendant's rights, and a

proper charge having been requested, and refused in open court, such action accentuated and made more pointed the error that is complained of, and could not help but prejudice the jury in favor of the plaintiff.

We think, therefore, there was error prejudicial to the rights of the plaintiff in error in the charge of the court, in the manner as outlined, and for that. reason the judgment of the court below will be reversed and the cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

INGERSOLL and SULLIVAN, JJ., concur.